BYE, Circuit Judge,
dissenting.
I respectfully dissent. I depart from the majority only to the extent the majority concludes the district court’s admission of Probation Officer Young’s testimony regarding 2010 battery conviction was harmless. I do not believe we can conclusively hold the admission harmless based on this record.
The majority deems the admission harmless, citing the admission of the transcript of judgment evidencing the 2010 battery conviction, and the district court’s statement the 60-month sentence was based “especially” on the violent 2012 incident.
Probation Officer Young’s testimony regarding the events leading up to the battery conviction, however, went beyond the contents of the transcript of judgment, which solely concerned the fact of the conviction. Probation Officer Young improperly testified to the violent character of Simms’s actions during those events.
It is to be noted here that the district court’s revocation and sentence had two aspects. It found the fact of Simms’s 2010 battery conviction as one of the grounds to conclude Simms had committed a Class A violation of his probation. The district court then, based on the violent nature of Simms’s 2010 and 2012 actions, departed and varied upward from the Guidelines range associated with a Class A violation.
It is possible the district court based the sentence solely on the violence of the 2012 events. However, I do not discount the possibility that a portion of the sentence was based on the testimony Simms had engaged in other violent violations of his parole. Accordingly, because I believe we cannot definitively hold the admission of Probation Officer Young’s testimony about the events leading to the 2010 conviction as being harmless, I would vacate the revocation and remand the case to the district court for a new revocation hearing.
For the foregoing reason, I respectfully dissent.